# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| DON LAU, | No. C 11-01940 MEJ |
| Plaintiff, | **QUESTIONS FOR ORAL ARGUMENT** |
| v. | |
| MERCEDES-BENZ USA LLC, | |
| Defendant. | |

Defendant's Motion to Compel Arbitration is set for hearing before the Court on October 27, 2011. The Court has reviewed the parties' briefs and issues the following questions for the parties to address at the hearing. The list is not exhaustive and is only meant to help guide the parties in presenting their argument to the Court.

1. Plaintiff's claim is based in part on breach of express warranty. However, Plaintiff does not include or otherwise identify this warranty or any of its specific terms in its Complaint. Is this warranty separate from the terms of the Retail Installment Sale Contract?

2. Which, if any, provisions of the Retail Installment Sale Contract are implicated by Plaintiff's claim? Particularly, in his Opposition, Plaintiff indicates that he is seeking to "unwind" the Installment Contract.

3. Defendant argues that because Plaintiff is relying on terms in the Installment Contract for its claims against Defendant (a non-signatory), Plaintiff is equitably estopped from disavowing the arbitration provision also contained in the contract. Why doesn't equitable estoppel apply?

4. Relatedly, in its Reply, Defendant cites to an Alabama case - *Volkswagen Group of America v. Williams*, 64 S.3d 1062 (Ala. Civ. App. 2010) - in which the court analyzed a similar arbitration clause and found under an equitable estoppel theory that Volkswagen could enforce that clause even though it was not a signatory. Because Plaintiff did not have the opportunity to address this case, how does Plaintiff differentiate it?

5. Defendant argues that the Supreme Court's decision in *Concepcion* basically forecloses any unconscionability argument. However, Plaintiff has submitted a recent California decision - *Sanchez v. Valencia Holding Company*, 2011 WL 5027488 (Cal. App. Oct. 24, 2011) - where the court interprets *Concepcion* as not changing the unconscionability analysis under California law except in class action waiver scenarios. The court also finds that the arbitration clause - which resembles the one at issue here - to be "permeated with unconscionability." *Id*. at *18. How does Defendant differentiate *Sanchez*?

**IT IS SO ORDERED.**

Dated: October 26, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2