UNITED STATES DISTRICT COURT

Northern District of California

DON LAU,

        Plaintiff,

  v.

MERCEDES-BENZ USA LLC,

        Defendant.
_____/

No. C 11-01940 MEJ

**ORDER RE DEFENDANT'S MOTION TO DISMISS** [Dkt. No. 62]

## I. INTRODUCTION

Pending before the Court is Defendant Mercedes-Benz USA, LLC's motion to dismiss this lawsuit on the grounds that the subject vehicle at issue in this case (the 2007 Mercedes-Benz SL55) is neither a "consumer good" as defined by California Civil Code section 1791(a), nor (2) a "new motor vehicle" as defined by Civil Code section 1793.22(e)(2). Dkt. No. 62 at 4. After thoroughly reviewing the parties' briefs and the controlling statutes, the Court **DENIES** Defendant's motion.

## II. DISCUSSION

### A. Controlling Authorities

As an initial matter, in the pretrial statement, Plaintiff indicated that he seeks a repurchase of the subject vehicle in accordance with section 1793.2(d)(2). Dkt. No. 51. Because this section deals with "new motor vehicle," the Court focuses its analysis on this phrase; Defendant's argument regarding whether the vehicle qualifies as a "consumer good," is thus inapplicable.[1]

Section 1793.2(d)(2) of the Song-Beverly Consumer Warranty Act provides:

> If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor

---

[1] In any event, the same analysis regarding the first definition of "new motor vehicle" based on personal use would apply to Defendant's "consumer good" argument.

1    vehicle in accordance with subparagraph (A) or promptly make restitution to the buyer
2    in accordance with subparagraph (B). However, the buyer shall be free to elect
     restitution in lieu of replacement, and in no event shall the buyer be required by the
3    manufacturer to accept a replacement vehicle.

4   Defendant seeks to dismiss this case on the grounds that Plaintiff cannot establish that the

5   2007 Mercedes-Benz SL55 at issue qualifies as a "consumer good" or "new motor vehicle" under the

6   Song-Beverly Act. According to Defendant, because Plaintiff cannot make that showing, he cannot

7   recover under the Song-Beverly Act and the case must be dismissed.

8   The phrase "new motor vehicle" is defined, in pertinent part, in section 1793.22(e)(2) as:

9    [A] new motor vehicle that is bought or used primarily for personal, family, or
     household purposes. "New motor vehicle" also means a new motor vehicle with a
10   gross vehicle weight under 10,000 pounds that is bought or used primarily for business
     purposes by a person, including a partnership, limited liability company, corporation,
11   association, or any other legal entity, to which not more than five motor vehicles are
     registered in this state.
12

13  Thus, pursuant to section 1793.22(e)(2), a vehicle qualifies as a "new motor vehicle" if it was either

14  purchased or used primarily for "personal, family, or household purposes," *or* if it was bought or used

15  primarily for "business purposes." By including the term "primarily," the definition envisions

16  scenarios where a vehicle may be used for both personal and business purposes. However, by

17  focusing on the "primary" use or reason for purchase, that term is also mutually exclusive: a vehicle

18  can either be primarily for personal use *or* primarily for business use, it cannot be both. Here,

19  Plaintiff asserts that he purchased and used the vehicle for personal use. Thus, the question is

20  whether Plaintiff has sufficient evidence to establish this element to sustain his claim under the Song-

21  Beverly Act.

22  **B.   Overview of the Parties' Arguments**

23  In its motion, Defendant argues that the subject vehicle does not meet the first definition of

24  "new motor vehicle" under the Song-Beverly Act because it was not purchased or used primarily for

25  personal use. In support, Defendant proffers that the vehicle is registered to Floormasters and/or DT

26  Floormasters, Inc. According to Defendant, "[t]his fact alone suggests that the vehicle was not

27  primarily for personal use, but for business purposes, as there would be no other reason to have the

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

2

vehicle purchased and owned by a corporate entity." Mot. at 6. Defendant further points out that DT Floormasters, Inc. took the tax depreciation on the vehicle. Thus, Defendant argues that "[h]aving deducted from its taxes the tax depreciation of the subject vehicle, Plaintiff, by and through 'DT Floormasters, Inc,' has represented under oath to the Internal Revenue Service and the United States government (as well as California's Franchise Tax Board) that the subject vehicle was used predominately for business purposes." *Id*. at 7.

Next, Defendant argues that assuming Plaintiff's vehicle was used primarily for business purposes, the vehicle does not meet the criteria for a "new motor vehicle" because DT Floormasters and/or Floormasters, Inc. has owned or has registered more than five motor vehicles. *Id*. at 8. Defendant argues that, according to Plaintiff's responses to its Special Interrogatories, Set Two, at the time the vehicle was purchased and for several years after, DT Floormasters, Inc. had registered to it six motor vehicles in California, thereby disqualifying it for protection under the Song-Beverly Act. *Id*.

In response, Plaintiff argues that Defendant's challenges fail to refute his contention that the vehicle was both purchased and used primarily for personal use. In support, Plaintiff argues that he and his wife have testified that they used the vehicle for personal purposes. Pl. Opp., Dkt. No. 64 at 4-5; Pl. Supp. Br., Dkt. No. 73 at 6. He also points to the fact that *he* executed the purchase contract and that *he* – not DT Floormasters, Inc. or Floormasters, Inc. – is identified as the buyer in the contract. Pl. Opp. at 5. Plaintiff further points out that in the section of the contract entitled "Primary Use For Which Purchased," he checked the box indicating "personal, family or household." *Id*. Additionally, Plaintiff argues that the subject vehicle is a high-end luxury convertible, not a heavy-duty truck designed for towing or otherwise transporting flooring materials. *Id*. at 4. He thus argues that the type of vehicle is inconsistent with it being a business-use vehicle.

With respect to the vehicle registration and the tax depreciation claimed, Plaintiff argues that neither fact goes to how the vehicle was used nor establishes that the vehicle was used predominately for business purposes. He argues that in using the word "primarily," the legislature envisioned a "dual-use" vehicle that may, sometimes, be used for business purposes, while also serving as personal

1 transportation. *Id*. Plaintiff further proffers that the tax filings that took the depreciation of the
2 vehicle for DT Floormasters were done in error and that he is in the process of amending those tax
3 returns. Pl. Suppl. Br. at 8.

4 Finally, Plaintiff argues that even assuming that the vehicle was misconstrued as a "business
5 use" vehicle, it still qualifies as a "new motor vehicle" because there were not more than five vehicles
6 registered to DT Floormasters. Pl. Opp. at 5-6.[2]

**C.     Analysis**

The Court has considered the parties' arguments and the controlling statutes and rules as follows. Plaintiff's position is that the vehicle was both purchased and used primarily for personal purposes and not primarily for business use. Pl. Opp. at 2, 5. As the foregoing discussion indicates, there is both testimonial and documentary evidence in the record supporting Plaintiff's position. However, Defendant has also pointed out evidence suggesting that the vehicle may have been purchased and used primarily for business purposes. The parties' competing evidence raises factual disputes – including issues of credibility – which the Court cannot resolve. Accordingly, the Court **DENIES** Defendant's motion to dismiss. **This case shall proceed to trial on Plaintiff's theory that the vehicle was purchased and used primarily for personal purposes. As Plaintiff has consistently represented throughout the course of briefing that the vehicle was for personal use, Plaintiff shall be limited to that theory at trial** (*i.e*., **Plaintiff shall be precluded from arguing that, in the alternative, the vehicle was primarily for business use and thus still protected under the Song-Beverly Act).** Defendant may present evidence to refute Plaintiff's position and arguing that the vehicle was, in fact, purchased and used primarily for business purposes.

/ / /

/ / /

---

[2] Defendant disputes this, arguing that the Department of Motor Vehicle records Plaintiff has provided are incomplete and actually prove that Plaintiff's companies had more than five vehicles registered in California during the relevant period. Def. Suppl. Br., Dkt. No. 79 at 2-3.

4

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to dismiss (Dkt. No. 62).

By separate order, the Court will set a trial date and pre-trial conference in this matter.

**IT IS SO ORDERED.**

Dated: March 27, 2013

_____
Maria-Elena James
United States Magistrate Judge