UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON LAU,

        Plaintiff(s),

v.

MERCEDES-BENZ USA LLC,

        Defendant(s).
_____/

No. C-11-01940 DMR

**FINAL PRETRIAL ORDER**

Following a pretrial conference held on January 22, 2014, IT IS HEREBY ORDERED THAT:

    A.    Trial will commence on **February 10, 2014 at 9:00 a.m.** at the U.S. District Court, 1301 Clay Street, Oakland, California 94612. For courtroom number and floor information, please check the Court's on-line calendar at http://www.cand.uscourts.gov (click "Calendars - Judges' Weekly Calendars" link, then select Judge Ryu's calendar). Attorneys shall appear at 8:30 a.m. on each day of the trial. Trial days will be from 9:00 a.m. to 3:00 p.m., with a 15-minute break at 10:30 a.m., a 45-minute lunch break at noon, and a 10-minute break at 2:00 p.m. On February 10, 2014, trial will run until 4:00 p.m. On February 12, 2014, the parties shall be prepared to stay after trial in order to go over final jury instructions and verdict form. Each side shall have eight hours in which to present an opening statement, the direct examination of its witnesses, the cross-examination of the opposing party's witnesses, including all objections, and a closing argument.

B.  All witnesses, other than party representative-witnesses Don Lau and Mario Haro are excluded from the trial until after the conclusion of their testimony.

C.  If a party then presenting its case does not have its next witness present at any time, it will be deemed to have rested that portion of its case (e.g. case in chief, rebuttal).

D.  In order to avoid prejudice to either side, the court will follow the normal rule regarding objections to evidence and other legal points which the court must decide: no lengthy arguments in front of the jury. No sidebars. Unless it is unavoidable, any such argument should occur at 8:30 a.m. (with notice given at end of prior day) or after 3:00 p.m. Objections should consist of a citation to the Federal Rule of Evidence at issue and the applicable generic description (e.g., "relevance").

E.  Notices of witnesses and documents: At the close of each trial day, you must disclose to the other parties the witnesses to be called the following two trial days, and the exhibit numbers of the documents that you plan to use on direct (other than for impeachment). With 24 hours of such disclosure, the opposing party shall provide the exhibit numbers to be used in cross of the witnesses (other than for impeachment). Plaintiff to disclose first two days of witnesses 48 hours before the beginning of the trial, with cross disclosures 24 hours later. No party will be allowed to call witnesses or use documents other than those that have been previously disclosed in the Pretrial Conference Statement *and* in the daily witness lists. On or before February 7, 2014, both parties shall disclose all documents and demonstratives that they intend to use in opening statements.

F.  The court will read the following Ninth Circuit model instructions before opening statements: 1.1B, 1.2, 1.3, 1.6, 1.7, 1.8-1.14, 1.18, 1.19, 2.2 (using the parties' stipulation of facts), 2.4 (if applicable), and 2.11-2.13. Parties must notify each other of intended use of deposition testimony in lieu of live testimony by no later than 5:00 p.m. on February 3, 2014.

G.  Plaintiff's sole claim is breach of express warranty under the Song-Beverly Consumer Warranty Act. As Judge James previously ruled, Plaintiff is limited to the theory that the vehicle was purchased and used primarily for personal purposes. Plaintiff is precluded from arguing in the alternative that the vehicle was primarily for business use. Defendant may present evidence to

refute Plaintiff's position and argue that the vehicle was, in fact, purchased and used primarily for business purposes.

H. Motions in Limine:

    a. Plaintiff's Motion in Limine No. 1, reference to, and testimony and documents regarding Plaintiff's prior Lemon Law claims: Judge James already ruled that Defendant is precluded from introducing evidence that Plaintiff has made prior claims pursuant to the Song-Beverly Consumer Warranty Act and has had other cars repurchased. Defendant may proffer such evidence for impeachment purposes only, subject to any other valid objections. Defendant is instructed to ensure that this information is not inadvertently raised by its witnesses.

    b. Plaintiff's Motion in Limine No. 2, reference to, and testimony and documents regarding Plaintiff's tax returns to the extent that they indicate Plaintiff's treatment of the vehicle for tax purposes: Plaintiff's tax returns are relevant to the question of whether the vehicle was purchased for personal or business purposes and to Plaintiff's credibility on this issue. The court will address Plaintiff's privacy concerns regarding the tax returns if the parties are unable to agree upon redactions.

    c. Plaintiff's Motion in Limine No. 3, testimony by Defendant's expert witness, James Becker, regarding the value of the vehicle: the court ordered further briefing on this issue. By no later than January 27, 2014, Plaintiff shall file a brief addressing 1) the basis for restricting Becker's testimony; 2) whether valuation of the vehicle is a subject appropriate for expert opinion; and 3) whether Plaintiff's expert, Dan Calef, may offer an opinion regarding the valuation of the vehicle. Defendant shall file a response by no later than January 29, 2014. The court will issue an order or set a hearing if necessary.

I. Exhibits: The parties have stipulated to the admissibility of Exhibits 1 through 57, as set forth in the Parties' Amended Joint Pretrial Statement (Docket No. 88), as well as the curriculum

vitae of their experts [Dan Calef – Plaintiff's Exhibit 59 and James Becker – Defendant's Exhibit A].  The court does not admit the exhibits into evidence at this time; parties must move for their admission.

IT IS SO ORDERED.

Dated:  January 23, 2014

```
_____
DONNA M. RYU
United States Magistrate Judge
```