UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA LLC,<br><br>　　　　　　Defendant.<br>_____/ | No. C-11-01940 DMR<br><br>**ORDER RE MOTIONS IN LIMINE<br>[DOCKET NOS. 114, 115, 117, 119]** |

On January 22, 2014, the court held a pretrial conference. On January 23, 2014, the court issued a Final Pretrial Order, in which it ordered Plaintiff to file a brief supporting his motion in limine to restrict the testimony of Defendant's expert, James Becker, regarding the value of the vehicle at issue. [Docket No. 113.] Plaintiff timely filed the requested brief. [Docket No. 114.] Defendant filed an opposition in which it also moved to prohibit Plaintiff's expert, Dan Calef, from testifying about the vehicle's value. Defendant filed two additional motions in limine. [Docket Nos. 115, 117, 119.] On February 4, 2014, the court ordered Plaintiff to file any opposition(s) and/or statement(s) of non-opposition to each of Defendant's motions in limine. [Docket No. 122.] Plaintiff timely filed oppositions to two of Defendant's motions but did not respond to Defendant's motion to preclude Calef from testifying as to value. [Docket Nos. 124, 125.] The court finds that these matters are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and issues the following rulings.

**A.     Cross Motions in Limine Regarding Expert Testimony on Car Value**

The parties agree that the subject of vehicle value is appropriate for expert opinion. *See* Judicial Council of California Civil Jury Instruction (CACI) 3204, "Substantially Impaired" Explained" (enumerating factors a jury may consider in evaluating whether a vehicle is "substantially impaired" as to its "use, value, or safety."). However, each party moves to exclude the expert testimony of the other party on this subject.

As to his own expert Calef, Plaintiff asserts that technical and specialized knowledge will assist the jury in understanding the nature of the vehicle's alleged defect and whether it substantially impairs the value of the vehicle. Plaintiff contends that Calef's knowledge and experience in vehicle appraisal qualifies him to provide an expert opinion on this subject. As to Defendant's expert Becker, Plaintiff seeks to exclude Becker's testimony regarding the vehicle's value on the grounds that he does not possess the requisite knowledge, skill, experience, training, or education in vehicle appraisal or valuation.

Defendant argues that Calef should be precluded from offering an opinion about the value of the vehicle because his opinion was not disclosed in his February 7, 2013 expert report. As to Becker, Defendant asserts that he need not possess experience in vehicle appraisal in order to offer "the general statement that based upon the absence of any defect in this vehicle's 'safety restraint system' there cannot be any substantial impairment to the vehicle's value." [Docket No. 115 (Def.'s Opp'n) 3-4.]

**1.     Calef's Testimony**

The record indicates that Plaintiff's operative expert report does not contain an opinion about vehicle valuation. Plaintiff served Calef's initial Rule 26(a)(2)(B) expert report on May 4, 2012. [Docket No. 45 (Def.'s Nov. 8, 2012 Mot to Exclude Calef) Ex. A (Initial Report).] In his initial report, Calef offered an opinion as to the vehicle's value. (Initial Report 5-6, ¶ 9.) Plaintiff served a supplemental report by Calef dated October 1, 2012 in which he again offered an opinion as to the vehicle's value. (Def.'s Nov. 8, 2012 Mot to Exclude Calef, Ex. C (Supplemental Report) 5-6, ¶ 8.) Defendant moved to exclude Calef's testimony in November 2012, based in part on the argument that Calef's opinion as to the vehicle's value was not supported by any recognized, reliable

2

methodology. (Def.'s Nov. 8, 2012 Mot. to Exclude Calef 14-15.) On December 13, 2012, Judge James denied the motion without prejudice to Defendant reasserting it following its deposition of Calef in late December 2012. [Docket Nos. 55 (Order re Motions in Limine), 56 (minute order).] Defendant deposed Calef on December 28, 2012. On January 4, 2013, Defendant filed a supplemental brief in support of its motion to exclude Calef's testimony, arguing, *inter alia*, that Calef's reports did not satisfy Rule 26(a)(2)(B) because they did not contain a complete statement of all of Calef's opinions and the bases for each. [Docket No. 60 (Def.'s Jan. 4, 2013 Suppl. Br.) 6-8.]

On January 24, 2013, Judge James held a status conference during which she struck Calef's initial and supplemental reports and gave Plaintiff the opportunity to file a new report. [Docket No. 70 (minute order).] Although Judge James did not set forth the basis for her order striking the reports, Plaintiff was nonetheless on notice of Defendant's challenge to Calef's opinion regarding value. On February 7, 2013, Plaintiff served a new report by Calef. [Docket No. 116 (Universal Decl., Jan. 29, 2014 (First Universal Decl.)) Ex. C (Feb. 7, 2013 Report) 10-11, ¶ 5.] Calef's February 7, 2013 report did not contain any opinion regarding the substantial impairment of the vehicle's value; Calef only opined as to the impairment of its use and/or safety. (Feb. 7, 2013 Report 10-11, ¶ 5.) Accordingly, by way of the new expert report, Plaintiff withdrew any expert opinions regarding the vehicle's value.

As Judge James struck Calef's initial and supplemental reports, the February 7, 2013 report is Calef's only operative report. The operative report contains no opinion regarding the vehicle's value, and Plaintiff did not file an opposition or a statement of non-opposition to Defendant's motion to preclude Calef from offering such an opinion. Therefore, the court deems Plaintiff to have abandoned his argument that Calef should be allowed to offer an opinion regarding the value of the vehicle. Defendant's motion to preclude Calef from testifying about substantial impairment to the vehicle's value is granted.

**2.  Becker's Testimony**

Federal Rule of Evidence 702 provides that a qualified expert "may testify in the form of an opinion" if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The only

3

expert opinion that Becker wishes to offer on this subject is that since there is no defect in the vehicle's safety restraint system, the vehicle's value has not been substantially impaired. Such an opinion does not require technical or other specialized knowledge, and accordingly is not an "expert opinion" authorized by Rule 702. Therefore, Plaintiff's motion to preclude Becker from offering his opinion regarding the value of the vehicle is granted.

**B.     Defendant's Motion in Limine re Witnesses**

Defendant moves to preclude Plaintiff from calling certain witnesses as part of his case. [Docket No. 117.] In the parties' October 29, 2013 Amended Joint Pre-Trial Statement (Docket No. 88), Plaintiff disclosed three witnesses that he would call as part of his case: Don Lau, Teresa Lau, and expert Dan Calef. However, Plaintiff subsequently served trial subpoenas for four defense witnesses: Dave Biasatti, Robert Duvall, John Connolly, and David Aguilar. [Docket No. 118 (Universal Decl. Jan. 30, 2014) Ex. A.] Defendant moves for an order barring Plaintiff from calling these witnesses as part of his case at trial on the grounds that he did not previously disclose them in the parties' pretrial statement.

On February 3, 2014, Plaintiff filed a Notice of Trial Witnesses in which he states that he will call Don Lau, Teresa Lau, and Dan Calef at trial. [Docket No. 121.] Accordingly, as Plaintiff no longer intends to call Biasatti, Duvall, Connolly, or Aguilar as part of his case, Defendant's motion is denied as moot.

**C.     Defendant's Motion in Limine re Calef's Recent Inspection**

Finally, Defendant moves to preclude Plaintiff from offering any testimony or opinion by Calef regarding his January 22, 2014 inspection of Plaintiff's vehicle. [Docket No. 119.] Calef's February 7, 2013 expert report states that Calef conducted four inspections of the vehicle, with the last inspection occurring on December 27, 2012, the day before he was deposed. (Feb. 7, 2013 Report 2 ¶ 13.) On January 27, 2014, Plaintiff's counsel informed Defendant that Calef had inspected the vehicle on January 22, 2014 and offered to make Calef available for deposition before trial at Plaintiff's expense. [Docket No. 120 (Universal Decl. Jan. 30, 2014 (Third Universal Decl.)) ¶ 7 Ex. B.] Defendant argues that it "has no time to engage in last-minute depositions . . . on the eve of trial where this time is required for trial preparation." [Docket No. 119 at 3.] Plaintiff responds

that the information obtained at the January 22, 2014 inspection is "harmless" because Calef has not changed the opinions that he intends to offer at trial as a result of his most recent inspection. [Docket No. 125 (Pl.'s Opp'n) 3.]

In her July 22, 2011 Case Management Order, Judge James set forth the following order regarding expert witnesses:

> Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion is based is disclosed, and all tests and reports are completed, prior to the expert deposition.

[Docket No. 14 (Case Management Order) § H(1).]

Accordingly, notwithstanding Plaintiff's offer to make Calef available for deposition on the eve of trial, Calef may not testify regarding any inspection that took place *after* his December 2012 deposition. Therefore, Defendant's motion is granted. Plaintiff may not introduce any evidence, testimony, or opinions regarding Calef's January 22, 2014 vehicle inspection. Defendant's request for sanctions is denied.

IT IS SO ORDERED.

Dated: February 6, 2014



_____
DONNA M. RYU
United States Magistrate Judge