UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON LAU,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA LLC,<br><br>        Defendant.<br>_____/ | No. C-11-01940 DMR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL [DOCKET NO. 146]** |

Plaintiff Don Lau filed this action against Defendant Mercedes-Benz USA, LLC for breach of express warranty under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 *et seq*. Following trial, the jury returned a verdict in favor of Mercedes. Plaintiff now moves for a new trial. Having considered the parties' submissions and oral argument on April 24, 2014, the court DENIES Plaintiff's motion.

**I.  Background**

Plaintiff purchased a 2007 Mercedes-Benz SL55 AMG vehicle from a Mercedes-Benz dealer in Walnut Creek, California in November 2007. Defendant Mercedes was the vehicle's distributor and provided an express written limited warranty for the car. Plaintiff alleged that the vehicle exhibits defects or non-conformities that substantially impair the use, value, or safety of the car to him. According to Plaintiff, Mercedes did not repair the defect after a reasonable number of repair

United States District Court
For the Northern District of California

1  attempts, and thus, Plaintiff filed suit against Mercedes seeking repurchase of his car in accordance
2  with the Song-Beverly Consumer Warranty Act ("Song-Beverly").

3        The court conducted a three-day jury trial in February 2014.  At the close of the evidence, the
4  court presented the jury with a special verdict form and jury instructions, to which neither party
5  objected. [Docket No. 137 (Final Jury Verdict Form).]  The special verdict form included ten
6  separate questions and instructed the jury to move through the questions in sequential order.
7  Specifically, the first seven questions instructed the jury to move to the following question only if it
8  provided a particular answer for the previous question.  Question number eight asked the jury to
9  calculate Plaintiff's damages.  The jury was to provide an answer to question number eight (8) only
10 if it had answered six of the previous seven questions pertaining to liability in the affirmative. (Final
11 Jury Verdict Form 1-3.)

12       The jury began its deliberations on February 13, 2014.  During deliberations, the jury sent
13 the court six notes. [Docket No. 146-1 (Fellenz Decl., March 18, 2014), Ex. A (Jury Notes).]  On
14 February 14, 2014, the jury sent the court Jury Note No. 4, asking "Are there any other options
15 besides having Mercedes buy back the entire car price?"  (Fellenz Decl., Ex. A at 5 (Jury Note No.
16 4).)  After conferring with the parties, the court provided the jury with the following written
17 response "If the jury reaches Question 8.a. in the verdict form, the law requires the jury to enter the
18 purchase price of the vehicle." (Jury Note No. 4.)  *See* Cal. Civ. Code § 1793.2(d)(2) ("[i]f the
19 manufacturer or its representative . . . is unable to service or repair a new motor vehicle . . . to
20 conform to the applicable express warranties after a reasonable number of attempts, the
21 manufacturer shall either promptly replace the new motor vehicle . . . or promptly make restitution
22 to the buyer . . .").  Neither party objected to the court's response or offered alternative or
23 supplemental language to the proposed response. [*See* Docket No. 149 (Universal Decl., Apr. 1,
24 2014), ¶ 5.]

25       On February 14, 2014, the jury returned a unanimous verdict for Mercedes, answering "No"
26 to question number four (4) on the special verdict form, "Did the vehicle have a defect in the SRS
27 system covered by the warranty that substantially impaired the vehicle's use, value, or safety to a
28 reasonable buyer in DON LAU's situation?" (Final Jury Verdict Form at 2.)  The court polled the

jury, and each juror answered in the affirmative that he or she confirmed the verdict as read. The court entered judgment for Mercedes on February 18, 2014. [Docket No. 138.]

Plaintiff now moves for a new trial on the ground that there was a "material and prejudicial error of law at trial." [Docket No. 146 (Pl.'s Mot.) 7.] Specifically, Plaintiff argues that Jury Note No. 4 demonstrates that the jury failed to follow the jury instructions and failed to apply the Song-Beverly Consumer Warranty Act in returning a verdict for Mercedes. (Pl.'s Mot. 7-9.) Mercedes opposes Plaintiff's motion. [Docket No. 149 (Def.'s Opp.).]

## II. Legal Standards

Federal Rule of Civil Procedure 59(a) provides that, after a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). The Ninth Circuit has held that the grounds on which a new trial may be granted include (1) a verdict that is contrary to the weight of the evidence; (2) a verdict that is based on false or perjurious evidence; or (3) to prevent a miscarriage of justice. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation and quotation omitted). In undertaking this review, the court need not view the evidence from the perspective most favorable to the moving party. *See Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). However, the burden of proving the need for a new trial lies with the party bringing the motion. *Anglo-Am. Gen. Agents v. Jackson Nat'l Life Ins. Co.*, 83 F.R.D. 41, 43 (N.D. Cal. 1979); *see also* 5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2803 (3d ed. 2005). The court should not "lightly disturb a plausible jury verdict." *Anglo-Am. Gen. Agents*, 83 F.R.D. at 43.

## III. Analysis

Jury Note No. 4 asked "Are there any other options besides having Mercedes buy back the entire car price?" In support of his motion for a new trial, Plaintiff asks the court to infer from this jury note that the jury (1) violated its duty to follow the instructions by disregarding the sequential nature of the special verdict form and (2) nullified the remedies provided by Song-Beverly Act by

3

finding for Mercedes rather than awarding Plaintiff the full purchase price of the vehicle. Plaintiff argues that Jury Note No. 4 convincingly demonstrates that the jury failed to follow the instructions to move through the special verdict form in order and considered the issue of damages before the issue of the existence of a defect. In so doing, Plaintiff asserts the jury "almost certainly considered whether the defect equated to the purchase price of an expensive luxury car" and conflated the damages and defect issues. (Pl.'s Mot. 8.) Thus, according to Plaintiff, "the jury failed to follow [the court's] instructions and made up its own law." (Pl.'s Mot. 9.) Jury Note No. 4 is Plaintiff's only evidence that the jury acted improperly. Mercedes responds that Plaintiff's argument is based on speculation. (Def.'s Opp. 2-5.)[1]

"Juries are presumed to follow their instructions," *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and Plaintiff has not provided a sound basis for overcoming that presumption. Courts have rejected litigants' attempts to speculate about jury questions such as Jury Note No. 4. For instance, in *Aczel v. Labonia*, 584 F.3d 52, 58 (2d Cir. 2009), in a case in which the plaintiff challenged police action in conducting an arrest, the Second Circuit considered a jury note indicating that the jury wished to both reimburse the plaintiff for expenses he incurred as the result of the arrest and at the same time absolve the defendant police officer of liability for use of excessive force. The district court confirmed that the jury could not do both, and the jury later returned a verdict for the defendant, first finding that the police officer had used excessive force and quantifying the damage caused to the plaintiff but concluding that the police officer was entitled to qualified immunity. *Id.* at 58. The plaintiff moved for a new trial on the grounds of internal inconsistency in the jury verdict. *Id.* at 57-58. On appeal, the Second Circuit rejected the plaintiff's argument that the jury note discredited the jury's ultimate verdict. *Id.* at 58. The court stated that inferring improper

---

[1] Mercedes also argues that Federal Rule of Evidence 606(b) precludes the court from considering Jury Note No. 4 as evidence. (Def.'s Opp. 3-5.) Mercedes provides no support for its position that Rule 606(b) precludes the court from considering Jury Note No. 4 in this context, nor has the court found any such authority. Rule 606(b) generally prohibits testimony by a juror or evidence of a juror's statements; Jury Note No. 4 is neither testimony by a particular juror or necessarily evidence of a juror's statements. The primary concern of Rule 606 is that "[j]urors will not be able to function effectively if their deliberations are to be scrutinized in post-trial litigation." Fed. R. Evid. 606 advisory committee's note. Nothing about this situation threatens that goal, and thus to the extent the court considers the contents of Jury Note No. 4 in its analysis, Rule 606(b) does not prohibit it from doing so.

4

conduct based on the jury note was "mere speculation." *Id.* at 61 (citing *Ajax Hardware Mfg. Corp. v. Indus. Plants Corp.*, 569 F.2d 181, 184 (2d Cir. 1977) ("Even if juror misconduct . . . is a possibility in a given case, a new trial cannot be sustained when 'there is an equally reasonable and perhaps even better explanation which involves no jury misconduct.'")). The court also noted that the parties had polled each juror, and the jury left the verdict untouched when the court offered jurors the opportunity to change their findings. *Aczel*, 584 F.3d at 58.

The Tenth Circuit came to a similar conclusion in *Allen v. Minnstar, Inc.*, 97 F.3d 1365 (10th Cir. 1996), a product liability case. During deliberations, the jury sent a note to the court inquiring whether it could make a statement about the verdict if it found that the product at issue was not defective. *Id.* at 1371. The court told the jury it could not make such a statement and needed to answer the questions on the special verdict form. *Id.* Immediately after, the jury sent another note asking for clarification between the terms "dangerous" and "unsafe," and seeking a definition of the term "unsafe." *Id.* The court referred the jury to the jury instruction that explained how to determine whether a product was defective and unreasonably dangerous. *Id.* The jury later returned a verdict for the defendant product maker. *Id.* After the jury delivered the verdict, the court allowed the parties to poll the jurors and told the jurors that they were permitted to make a statement at that time. *Id.* One of the jurors stated:

> This was a hard decision for all of us to make. I would like to direct a statement to Wellcraft [the defendant boat manufacturer]. Even though we found that the boat was not unreasonably dangerous or defective, we do 100 percent feel that the boat was unsafe. And we want to charge you with extra caution to try and design boats that would preclude anyone from having an accident of this nature.

*Allen*, 97 F.3d at 1372.

The plaintiff subsequently moved for a new trial, arguing that the jury notes and the juror's post-verdict statement indicated that the jury was confused and "the verdict d[id] not accurately represent the jury's findings." *Id.* at 1373. The district court denied the motion, and the Tenth Circuit affirmed, noting that "[p]laintiff's argument is entirely speculative and could arguably be raised in any case in which a jury presents questions to a trial court." *Id.* The court concluded that "a verdict will not be upset on the basis of speculation." *Id.* (citing *Howard D. Jury v. R & G Sloane Mfg. Co.*, 666 F.2d 1348, 1351 (10th Cir. 1981)).

Here, Plaintiff asks the court to engage in similar speculation. Plaintiff argues that Jury Note No. 4 "is clear and compelling evidence that the jury violated its duty to follow the instructions provided by the court." (Pl.'s Mot. 8.) Plaintiff hypothesizes two ways in which the jury could have erred. First, Plaintiff argues that Jury Note No. 4 proves that the jury took the verdict form questions out of order and conflated the defect and damages issues. (Pl.'s Mot. 8.) In the alternative, assuming the jury followed the special verdict form questions in order, Plaintiff contends that the jury reached question eight and "decided that they did not want the end result," nullifying the law "because of dissatisfaction with Song-Beverly." (Pl.'s Mot. 10.) Both scenarios rest upon Plaintiff's argument that the jury considered the question of damages when determining whether there was a defect.

Plaintiff provides no evidence to support these theories nor case law demonstrating that courts have permitted new trials in similar situations. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 702 (7th Cir. 2007) ("plaintiffs point to no evidence to overcome the strong presumption that juries follow instructions, . . . and we will not conclude that the jury approached the verdict form out of order . . . based solely on the plaintiffs' speculation"); *see also Conwright v. City of Oakland*, No. C09-2572 TEH, 2012 WL 1945494, at *2-4 (N.D. Cal. May 30, 2012) (refusing to question verdict's validity where jury delivered verdict before court answered jury question seeking clarification on jury instructions). Jury Note No. 4 is insufficient to prove that the jury ignored the jury instructions or nullified the law. Plaintiff's own arguments demonstrate as much, positing two different hypotheses about what inferences can be drawn from the note. Indeed, Jury Note No. 4 could represent any number of things other than the motives Plaintiff seeks to impute to it. It could, for instance, demonstrate that the jury or some of its members had some initial clarifying questions about the law in general, and that the jury first made sure there were no questions about the applicable law before conducting internal polling or attempting to answer any of the questions on the special verdict form. There is no evidence that the jury engaged in any sort of misconduct. Moreover, each juror was polled after the jury delivered its verdict and each confirmed he or she agreed with the verdict. Plaintiff has not met his burden to show that the jury acted improperly or

6

that he suffered a miscarriage of justice. Accordingly, the court denies Plaintiff's motion for a new trial.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for a new trial is denied.

IT IS SO ORDERED.

Dated: April 28, 2014



DONNA M. RYU
United States Magistrate Judge